RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0234p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 16-2591

ERIC MICHAEL VERWIEBE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 2:15-cr-00031-1—Paul Lewis Maloney, District Judge.

Decided and Filed: October 20, 2017

Before: CLAY, ROGERS, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Elizabeth A. LaCosse, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Marquette, Michigan, for Appellant. Hannah N. Bobee, UNITED STATES ATTORNEY'S OFFICE, Marquette, Michigan, for Appellee.

_____

## AMENDED OPINION

_____

SUTTON, Circuit Judge. Law enforcement arrested Eric Verwiebe for brandishing a knife, threatening to kill tribal police officers, and resisting arrest. He pleaded guilty to assaulting a federal officer with a dangerous weapon. The district court sentenced him as a career offender due to his prior federal convictions for assault with a dangerous weapon and assault resulting in serious bodily injury. Because each crime combines common law assault with an additional element that, together, indicate "the use, attempted use, or threatened use of

physical force," both of them amount to "crimes of violence" under § 4B1.2(a) of the Sentencing Guidelines. We affirm his sentence.

On August 22, 2015, the Bay Mills Tribal Police Department broadcast a lookout notice for Verwiebe after it received a report that he had assaulted his girlfriend. When two officers located Verwiebe, he pulled a knife from his waistband, raised it over his head, and threatened to kill the officers. The officers tried to subdue him, but Verwiebe fought back. The officers eventually got control of him with the help of a bystander. In the police car, Verwiebe continued to threaten the officers and even spat on them.

Verwiebe pleaded guilty to assaulting, resisting, or impeding a federal officer with a dangerous weapon. He was scored as a career offender under U.S.S.G. § 4B1.1 based on his prior federal convictions for (1) assault with a dangerous weapon with intent to do bodily harm, 18 U.S.C. § 113(a)(3), and (2) assault resulting in serious bodily injury, 18 U.S.C. § 113(a)(6). At sentencing, the district court found that each conviction qualified as a crime of violence under U.S.S.G. § 4B1.2(a)(1). Verwiebe appealed.

We give fresh review to a district court's construction of the Guidelines, and we apply the version in effect on the date the defendant was sentenced, in this instance the November 2016 Manual. 18 U.S.C. § 3553(a)(4)(A)(ii).

The Guidelines raise the base offense level for career offenders. U.S.S.G. § 4B1.1. A defendant is treated as a career offender if he has at least two prior felony convictions for a crime of violence. *Id.* § 4B1.1(a). A crime of violence includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a). Known as the "elements clause," this provision mirrors an analogous clause in the Armed Career Criminal Act, and we typically read them in the same way. *See United States v. Rede-Mendez*, 680 F.3d 552, 555 n.2 (6th Cir. 2012). Both clauses apply only to offenses that require "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis omitted).

When an offense sets out a single set of elements to define a single crime, as all parties agree is the case here, it is indivisible. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). In evaluating an indivisible offense, we apply the categorical approach. That means we look only to the statutory definition of the offense rather than to the facts underlying the conviction to determine whether it counts as a crime of violence. *See Taylor v. United States*, 495 U.S. 575, 600 (1990). We focus on the least culpable conduct criminalized by the statute but resist imagining unlikely crimes that theoretically could be covered by it. There must be a realistic probability the statute would be used to criminalize the conduct. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013).

Let's now consider each prior conviction in turn.

*18 U.S.C. § 113(a)(3).* Within the territorial jurisdiction of the United States, it is a federal crime to commit "[a]ssault with a dangerous weapon, with intent to do bodily harm." 18 U.S.C. § 113(a)(3). Section 113(a)(3) entails the "use, attempted use, or threatened use of physical force" under § 4B1.2(a). Because § 113 does not define "assault," courts give the term its established common law meaning. *See United States v. Turley*, 352 U.S. 407, 411 (1957). That means an individual may violate § 113 by (1) willfully attempting to inflict injury on another person or (2) threatening to inflict injury on another person, causing a reasonable apprehension of immediate bodily harm. *United States v. Hathaway*, 318 F.3d 1001, 1008 (10th Cir. 2003). If a crime already includes some use or threat of physical force, as is true here, the use of a dangerous weapon transforms that force into the type of violent force necessary to constitute a crime of violence. *See United States v. Rafidi*, 829 F.3d 437, 446 (6th Cir. 2016). Section 113(a)(3) thus involves violent force because it proscribes common law assault with a dangerous weapon, not simple common law assault. *United States v. Harris*, 853 F.3d 318, 322 (6th Cir. 2017).

*18 U.S.C. § 113(a)(6).* Section 113(a)(6) is similar. It proscribes "[a]ssault resulting in serious bodily injury" within the territorial jurisdiction of the United States. Under *Johnson*, we limit crimes of violence to those involving force capable of causing physical pain or injury. Whether § 113(a)(6) qualifies is a question that answers itself: How would it be possible to suffer serious bodily injury without force capable of producing such injury? Our precedent says

as much, holding that crimes requiring proof of serious physical injury necessarily require proof of violent physical force. *United States v. Anderson*, 695 F.3d 390, 401 (6th Cir. 2012). That begins and ends our inquiry.

Hoping for a different conclusion, Verwiebe invokes *United States v. Scott*, No. EP-14-CR-42-PRM, 2014 WL 4403162 (W.D. Tex. July 28, 2014), claiming it shows that assault under § 113(a)(6) is not a crime of violence because it may involve indirect force that causes serious bodily injury. In that case, the district court used the example of poisoning a victim's drink as evidence that § 113(a)(6) swept too broadly. *Id.* at \*4. But we have refused to draw a line between direct and indirect force in this context. *United States v. Evans*, 699 F.3d 858, 864 (6th Cir. 2012). And for ample reason. A defendant uses physical force whenever his volitional act sets into motion a series of events that results in the application of a "force capable of causing physical pain or injury to another person." *See id.* We see no problem with the poison scenario. The "use of physical force" is not the drop of liquid in the victim's drink; it is employing poison to cause serious bodily harm. *See United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014). Under Verwiebe's theory, tripping somebody into oncoming traffic, or for that matter perpetrating a sarin gas attack, would not be a crime of violence. Creative minds, once unhinged from common sense, might even suggest that pulling the trigger of a gun is not a sufficiently direct use of physical force. Sentencing law does not turn on such fine, reality-defying distinctions.

Verwiebe also suggests that § 113(a)(6) does not qualify as a crime of violence because a mental state of recklessness suffices for conviction. True, we have held that a crime requiring only recklessness does not qualify as a crime of violence under § 4B1.2(a). *United States v. McFalls*, 592 F.3d 707, 716 (6th Cir. 2010). True also, only the en banc process, a material intervening Supreme Court decision, or a relevant change to the Guidelines permits us to override binding circuit precedent. *See Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010); 6th Cir. R. 32.1(b). But since *McFalls*, the Supreme Court has found recklessness sufficient to constitute a crime that "has, as an element, the use or attempted use of physical force" under a statute preventing those convicted of a "misdemeanor crime of domestic violence" from possessing a firearm. *See Voisine v. United States*, 136 S. Ct. 2272, 2280 (2016); 18 U.S.C.

§ 921(a)(33)(A)(ii). The Court relied on the definition of the noun "use" as "the act of employing" something to conclude that the "use of physical force" requires volitional but not intentional or knowing conduct. *Voisine*, 136 S. Ct. at 2278–80. The Court invoked a person throwing a plate in anger at a wall near his wife and a person slamming a door shut with his girlfriend close behind as examples of reckless conduct that would each be commonly understood as a "use of physical force." *Id.* at 2279.

Although the Court left undecided whether its statutory interpretation should extend to other contexts, *Voisine*'s analysis applies with equal force to the Guidelines, which define crimes of violence nearly identically to § 921(a)(33)(A)(ii): any felony that "has as an element the use, attempted use, or threatened use of physical force." U.S.S.G. § 4B1.2(a). Not surprisingly, as a result, the Fifth, Eighth, and Tenth Circuits have held that *Voisine* confirms that recklessness suffices under the elements clause of the Armed Career Criminal Act and the Guidelines. *See United States v. Pam*, 867 F.3d 1191, 1207–08 (10th Cir. 2017) (ACCA); *United States v. Mendez-Henriquez*, 847 F.3d 214, 221–22 (5th Cir. 2017) (U.S.S.G. § 2L1.2(b)); *United States v. Howell*, 838 F.3d 489, 500–01 (5th Cir. 2016) (U.S.S.G. § 4B1.2(a)); *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016) (ACCA).

One Circuit, the First Circuit, has come out the other way, or at least partly the other way. *Bennett v. United States*, 868 F.3d 1, 23 (1st Cir. 2017). It pointed out that the Armed Career Criminal Act, like § 4B1.2(a), requires a use of physical force "against the person of another," while § 921(a)(33)(A)(ii) requires a use of physical force without that clause. *Id.* at 18. The court reasoned that the word "against" may require that the perpetrator knowingly or purposefully cause the victim's bodily injury, but also found just as compelling the possibility that the word "against" does not alter the *Voisine* analysis. *Id.* at 18–20. In view of what it perceived as a "grievous ambiguity," the court invoked the rule of lenity and ruled for the defendant. *Id.* at 23. The court withdrew its opinion after the defendant died, *Bennett v. United States*, 870 F.3d 34, 36 (1st Cir. 2017), but it incorporated its reasoning by reference in a subsequent case, *see United States v. Windley*, 864 F.3d 36, 37 n.2 (1st Cir. 2017).

The First Circuit's approach prompts a few responses. *Voisine*'s key insight is that the word "use" refers to "the act of employing something" and does not require a purposeful or

knowing state of mind.  *Voisine*, 136 S. Ct. at 2278–79.  That insight does not change if a statute says that the "*use* of physical force" must be "against" a person, property, or for that matter anything else.  Think of the example from *Voisine*.  We know that the "use of force" covers a recklessly thrown plate that shatters and hurts somebody.  *Id*. at 2279.  The addition of the word "against" cannot change *Voisine*'s holding that the "use of physical force" covers this act in the first instance.  Sometimes the simplest explanation is the best explanation.

The weight placed by the First Circuit on the omission of "against the person of another" in § 921(a)(33)(A)(ii) is overstated in another way.  That provision defines the term "misdemeanor crime of domestic violence."  18 U.S.C. § 921(a)(33)(A)(ii).  And that provision, just like today's provision, does not punish the "use of force" in the abstract.  It requires a victim.  In § 921(a)(33)(A)(ii), the victim—the recipient of the use of force—must be the defendant's current or former spouse or somebody similarly situated.  *See United States v. Hayes*, 555 U.S. 415, 426 (2009).  There thus are no victim-less prosecutions under the *Voisine* statute.  All that is going on is that the category of victims is larger with today's statute:  "the person of another." *Voisine*, no less than our case, required the use of physical force against a person.  That one statute requires a victim of the "use of force" in one way, and the other statute requires a victim in another way, does not offer a meaningful basis for distinction.  Just as one can't "cut a plank so many times that it ha[s] just one side," *Am. Energy Corp. v. Rockies Express Pipeline LLC*, 622 F.3d 602, 606 (6th Cir. 2010), so one should be careful about slicing a statute so finely that it creates meaning-free distinctions.

*Voisine*'s treatment of 18 U.S.C. § 16 also suggests that the addition of the language "against the person of another" is not the Rosetta Stone the First Circuit suggested it could be. Section 16 defines crime of violence as an offense with an element that is the "use . . . of physical force against the person or property of another." 18 U.S.C. § 16(a).  In *Leocal*, the Court held that this standard was not met by mere negligence or accidental conduct.  *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004).  But *Voisine* distinguished *Leocal* on the ground that an accident like stumbling, or dropping a plate, is not considered an "active employment" of force.  *Voisine*, 136 S. Ct. at 2279.  The Court tellingly placed no weight on the absence of "against the person or property of another" from § 921(a)(33)(A)(ii).

*Voisine*'s contextual analysis also undermines the First Circuit's approach. In 1962, the Model Penal Code took the position that criminal behavior including assault is generally satisfied by a mental state of recklessness. *See* Model Penal Code §§ 2.02(3), 211.1 (1962). Thirty-four states plus the District of Columbia followed suit, enacting assault laws that covered recklessness. *Voisine*, 136 S. Ct. at 2280. In view of the categorical approach applied in this setting, Verwiebe's argument would require us to find that *no* conviction obtained under *any* of these statutes qualifies as a "crime of violence." *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). It is unlikely that the Sentencing Commission had such an objective when it published the first set of Guidelines over two decades later. U.S.S.G. §§ 4B1.1, 4B1.2 cmt. 1 (1987).

The First Circuit's invocation of the rule of lenity as a tie breaker also does not persuade us. The same argument was made in *Voisine* and the Court refused to rely on the rule of lenity there. *Voisine*, 136 S. Ct. at 2282 n.6. Just so here.

Our "crime of violence" jurisprudence, it's fair to say, already has plenty of highly reticulated, difficult to explain distinctions. We see no good reason to add one more, especially one as gossamer thin as this one.

In sum, the argument that crimes satisfied by reckless conduct categorically do not include the "use of physical force" simply does not hold water after *Voisine*. Because § 4B1.2(a) of the Guidelines largely tracks the provision at issue in *Voisine*, we join all but one of our sister circuits and hold that the reckless conduct proscribed by § 113(a)(6) amounts to "the use, attempted use, or threatened use of physical force."

Last of all, Verwiebe asks us to apply the Guidelines in effect at the time of his offense. *See Peugh v. United States*, 133 S. Ct. 2072 (2013). But even if we did, it wouldn't matter. Both of Verwiebe's predicate crimes satisfy the elements clause, which is identical under both versions of the Guidelines.

For these reasons, we affirm.