NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0371n.06

No. 18-5100

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | | **FILED** |
| | | Jul 24, 2018 |
| UNITED STATES OF AMERICA, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| MENCHO DUMAS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, GRIFFIN, and STRANCH, Circuit Judges.

PER CURIAM. Mencho Dumas appeals his 100-month sentence. As set forth below, we affirm.

Dumas pleaded guilty to an indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dumas's presentence report set forth a base offense level of 24 because he had at least two felony convictions for a crime of violence or controlled substance offense: a 2001 Tennessee conviction for reckless homicide and a 2014 Tennessee conviction for possession of cocaine and marijuana with intent to sell. *See* USSG § 2K2.1(a)(2). Dumas received a 4-level enhancement for using or possessing the firearm in connection with another felony offense, in that he pointed a shotgun at his girlfriend and "worked the action." *See* USSG § 2K2.1(b)(6)(B). In his sentencing memorandum, Dumas objected to the base offense level of 24, arguing that his reckless homicide conviction should not be considered a crime of violence, and the 4-level enhancement, arguing that the government could not prove use or possession of the firearm in connection with another felony offense.

The parties reached an agreement at sentencing: (1) the 4-level enhancement for using or possessing the firearm in connection with another felony offense did not apply, (2) Dumas was withdrawing all his other objections, (3) the resulting guidelines range was 84 to 105 months, and (4) Dumas should receive a 100-month sentence. Accepting the parties' agreement, the district court calculated the guidelines range as 84 to 105 months and imposed a 100-month sentence.

On appeal, Dumas argues that the district court plainly erred in refusing to allow him to preserve for further review the issue of whether his sentence was properly enhanced based on a conviction for a crime with only a reckless mens rea. The record does not support Dumas's argument. The district court did not refuse to allow Dumas to preserve his objection to the classification of his reckless homicide conviction as a crime of violence. Dumas instead affirmatively withdrew his objection, thereby waiving appellate review.

In summarizing the parties' agreement, defense counsel stated that the parties had agreed not to apply the 4-level enhancement for using or possessing the firearm in connection with another felony and that Dumas was withdrawing all his other objections to the guidelines calculation. When the district court confirmed that there were no additional objections to the agreed-upon range, defense counsel stated, "There are no additional objections. I do, and I said this to [the prosecutor], plan on preserving the issue of the reckless homicide." Defense counsel went on to state: "I want to leave that issue open, Your Honor, that is the only issue that will remain open for appellate purposes." The district court attempted to clarify the defense's position, stating that it was "my understanding that the defense was . . . withdrawing all the other objections, but apparently that is not the case." Defense counsel backtracked, stating, "It is withdrawn—I'm trying to think if there is a way for me to agree that it wouldn't apply but still preserve it . . . ." After the prosecutor said, "It was withdrawn," defense counsel conceded, "That's fine, Your

Honor. It's withdrawn." The district court noted for the record Dumas's withdrawal of the objection: "We will show withdrawn then."

By expressly withdrawing his objection to the classification of his reckless homicide conviction as a crime of violence, Dumas waived appellate review of the issue. *See United States v. Denkins*, 367 F.3d 537, 544 (6th Cir. 2004) ("[W]e have held that this sort of abandonment of an issue . . . waives any right of appeal on that issue."). The cases cited by Dumas are inapposite. In those cases, we reviewed withdrawn issues for plain error in light of intervening Supreme Court decisions. *See United States v. Clements*, 142 F. App'x 223, 228-29 (6th Cir. 2005); *United States v. Stines*, 313 F.3d 912, 917-18 (6th Cir. 2002) (holding that when waiver predates relevant, intervening precedent, court may review waived issue because "[i]t would have been impossible for the defendant[] to have intentionally relinquished or abandoned" a right not recognized at the time of trial and sentencing). Dumas does not rely on any Supreme Court decision issued after his sentencing.

Even if he had preserved his objection, Dumas cannot show any error. As Dumas acknowledges, this court has held that offenses requiring only recklessness can constitute crimes of violence under the guidelines. *United States v. Verwiebe*, 874 F.3d 258, 262-64 (6th Cir. 2017). Although another panel has expressed disagreement with the *Verwiebe* decision, *see United States v. Harper*, 875 F.3d 329, 330-33 (6th Cir. 2017), *petition for cert. filed* (U.S. Jan. 24, 2018) (No. 17-7613), "only the en banc process, a material intervening Supreme Court decision, or a relevant change to the Guidelines permits us to override binding circuit precedent," *Verwiebe*, 874 F.3d at 262.

For these reasons, we **AFFIRM** the district court's judgment.