**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

ANTHONY WAYNE BETTCHER,

    Defendant - Appellee.

No. 16-4165

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:15-CR-00623-DB-1)**
_____

William Glaser, Attorney, Criminal Division, Appellate Section, Department of Justice, Washington, D.C. (John W. Huber, United States Attorney, and Ryan D. Tenney, Assistant United States Attorney, Salt Lake City, Utah, on the briefs), for Plaintiff-Appellant.

Benjamin C. McMurray, Assistant Federal Public Defender (Kathryn N. Nester, Federal Public Defender, and Scott Keith Wilson, Assistant Federal Public Defender, with him on the brief), Salt Lake City, Utah, for Defendant-Appellee.
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

**PHILLIPS**, Circuit Judge.
_____

We must decide whether Utah's second-degree aggravated-assault offense

categorically qualifies as a "crime of violence" under the elements clause provided in

the federal sentencing guidelines.[1] *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (U.S. Sentencing Comm'n 2015). Because we hold that the Utah offense does qualify, we reverse the district court's contrary decision and remand for resentencing.

## BACKGROUND

In May 2016, Anthony Bettcher pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Afterward, a probation officer reviewed Bettcher's past, including his criminal history, and prepared a Presentence Investigation Report (PSR).

The PSR informed the district court that in 2013, the State of Utah had charged Bettcher with second-degree aggravated assault. At the time,[2] Utah law defined simple assault as follows:

---

[1] On appeal, Bettcher has abandoned his district-court argument that Utah's second-degree aggravated assault is not categorically a crime of violence because it can include convictions for indirect uses of physical force, such as poisoning. Though this argument once had force, it no longer does. *See United States v. Perez-Vargas*, 414 F.3d 1282, 1286–87 (10th Cir. 2005), *overruled by United States v. Ontiveros*, 875 F.3d 533, 536 (10th Cir. 2017); *see also United States v. Castleman*, 572 U.S. 157, 168–71 (2014). We have no reason to address this argument further, despite the government's request that we do so.

[2] The Utah legislature has since amended its assault statutes. *See* S.B. 115, 61st Leg., Gen. Sess., 2015 Utah Laws 430, §§ 76-5-102, 76-5-103 (amending Utah's assault and aggravated-assault statutes, in part to remove the latter's cross-reference to the former); H.B. 17, 62d Leg., Gen. Sess., 2017 Utah Laws 388, § 76-5-103(1)(b)(ii)–(iii), -103(2) (amending Utah's aggravated-assault statute to specifically cover "any act that impedes the breathing or the circulation" of the victim); H.B. 433, 62d Leg., Gen. Sess., 2017 Utah Laws 454, § 76-5-103(2)(c) (adding first-degree aggravated assault for targeting a law-enforcement officer).

(a) an attempt, with unlawful force or violence, to do bodily injury to another;

(b) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or

(c) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another.

Utah Code Ann. § 76-5-102(1) (LexisNexis 2012).[3] To convict Bettcher of second-degree aggravated assault, prosecutors had to prove the simple assault, plus two additional elements: (1) that he used either "(a) a dangerous weapon as defined in Section 76-5-601[] or (b) other means or force likely to produce death or serious bodily injury," *id.* § 76-5-103(1), and (2) that his conduct "result[ed] in serious bodily injury," *id.* § 76-5-103(2)(b).

In the PSR, the probation officer recommended treating this earlier conviction as a crime of violence, which if adopted would enhance Bettcher's base offense level.[4] *See* U.S.S.G §§ 2K2.1(a)(4)(A), 4B1.2(a)(1) (2015). At his sentencing

---

[3] The criminal information charges Bettcher with violating subsection (c). Bettcher later pleaded guilty to this offense and, in his written plea statement, admitted that on August 5, 2012, in Salt Lake County, he had held a throwing star in his hand and struck another man in the neck, causing serious bodily injury. But as we explain below, these facts are irrelevant to our analysis—applying a categorical approach, we focus solely on the elements of the underlying crime. *See United States v. Kendall*, 876 F.3d 1264, 1267 (10th Cir. 2017) (citing *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); and quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)).

[4] The resulting six-level enhancement would have increased Bettcher's advisory-guideline range from 30–37 months to 57–71 months. *Compare* U.S.S.G. § 2K2.1(a)(4)(A) (setting a base offense level of 20 if the current offense followed an earlier crime-of-violence conviction), *with id.* § 2K2.1(a)(6)(A) (setting a base

3

hearing, Bettcher objected to the crime-of-violence enhancement. He argued that crimes capable of being committed recklessly don't categorically have as an element the use of physical force against another person, so they can't be crimes of violence under U.S.S.G. § 4B1.2(a)(1). And because the Utah legislature didn't specify a mens rea (or provide strict liability) for second-degree aggravated assault, "intent, knowledge, or recklessness . . . suffice to establish criminal responsibility." Utah Code Ann. § 76-2-102 (LexisNexis 2012); *see State v. McElhaney*, 579 P.2d 328, 328–29 (Utah 1978) (applying § 76-2-102's gap-filler mens rea to an earlier version of the aggravated-assault statute). Thus, everyone at the hearing agreed, Utah permits second-degree aggravated-assault convictions based on reckless conduct.[5]

The government recognized that this circuit's precedents favored Bettcher's position that reckless crimes categorically aren't crimes of violence under the elements clause. But the government argued that our court's precedents had relied on a mistaken interpretation of *Leocal v. Ashcroft*, 543 U.S. 1 (2004)—as recently

---

offense level of 14 if the defendant was prohibited from possessing a firearm when he committed the current offense).

[5] Accordingly, we do not consider whether the element of serious bodily injury caused by the "use" of a dangerous weapon or other means or force likely to produce death or serious bodily injury, Utah Code Ann. § 76-5-103(1) (LexisNexis 2012), automatically satisfies U.S.S.G. § 4B1.2(a)(1)'s "use" of physical force against the person of another. *Cf. United States v. Brown*, 892 F.3d 385, 402–03 (D.C. Cir. 2018) (including defendant's earlier District of Columbia Code violation for attempted assault with a deadly weapon as a crime of violence under U.S.S.G. § 4B1.2(a)(1)'s elements clause because that offense required proof of "the use of a dangerous weapon in committing the assault" (quoting *Spencer v. United States*, 991 A.2d 1185, 1192 (D.C. 2010)).

4

revealed in *Voisine v. United States*, 136 S. Ct. 2272 (2016). In the end, the district court agreed with Bettcher that a reckless assault isn't a crime of violence under U.S.S.G. § 4B1.2(a)(1), and so it declined to apply the crime-of-violence enhancement.

The government appealed. It asks us to examine the viability of our earlier precedents and their foundations.

**DISCUSSION**

We review de novo whether the elements of an earlier offense establish a categorical crime of violence. *United States v. Williams*, 893 F.3d 696, 699 (10th Cir. 2018). We apply the categorical approach, examining the elements of the Utah statute to see whether they meet the requirements of U.S.S.G. § 4B1.2(a)(1)'s crime-of-violence definition. *Kendall*, 876 F.3d at 1267 (citing *United States v. Titties*, 852 F.3d 1257, 1268 (10th Cir. 2017)).

In *Leocal v. Ashcroft*, the Court first addressed what level of mens rea must attend the "use" of physical force against another person to qualify as a crime of violence. 543 U.S. at 7–9. In that case, the government removed from the United States a lawful permanent resident, Josue Leocal, after a Florida jury found him guilty of driving under the influence resulting in bodily injury. *Id.* at 4–6. At issue in *Leocal* was whether this state offense qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), which in turn depended on whether the offense qualified as

5

a "crime of violence" under 18 U.S.C. § 16. *Id.* at 4–5. Section 16(a) has an elements clause nearly identical to U.S.S.G. § 4B1.2(a)(1)'s.[6] *See id.* at 4–5.

In examining the meaning of "use" of physical force against another under 18 U.S.C. § 16(a)'s elements clause,[7] the *Leocal* Court noted that though the Florida statute "requires proof of causation of injury, [it] does not require proof of any particular mental state." *Id.* at 7–8 (citing *State v. Hubbard*, 751 So. 2d 552, 562–64 (Fla. 1999)). Employing its earlier rule that "use" requires "active employment," the Court rejected any reading allowing even the "elastic" word "use" to include accidental or negligent conduct. *Id.* at 9 (citing *Bailey v. United States*, 516 U.S. 137, 145 (1995), *superseded by statute on other grounds*, 18 U.S.C. § 924(c)(1)(A), *as recognized in United States v. O'Brien*, 560 U.S. 218, 232–33 (2010)). Lacking a mens rea requirement for causing bodily injury, the Florida offense reached even negligent uses of force against another person, disabling it from being a crime of violence under 18 U.S.C. § 16. *Id.* at 11–12. But the Court declined to address—as

---

[6] Section 16(b), like U.S.S.G. § 4B1.2(a)(2) (2015), also contains a residual clause. But the government has not argued that Bettcher's Utah conviction qualifies as a crime of violence under the residual clause then found at U.S.S.G. § 4B1.2(a)(2). *See* U.S.S.G. § 4B1.2(a)(2) (2015) ("The term 'crime of violence' means any offense . . . [that] involves conduct that presents a serious potential risk of physical injury to another.").

[7] With one small difference—some crime-of-violence provisions require that the use of physical force be against the person *or property* of another—the otherwise-identical elements clause applies across a broad swath of federal statutes and sentencing guidelines. *See, e.g.*, 18 U.S.C. §§ 924(c)(3)(A), 924(e)(2)(B)(i); U.S.S.G. §§ 2L1.2, cmt. n.2 (immigration offenses); 4B1.2(a)(1) (general definition incorporated in multiple guidelines).

unpresented—"whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. § 16." *Id.* at 13.

Twelve years later, in *Voisine v. United States*, the Court faced that question in deciding whether Maine reckless domestic assaults categorically included the use of physical force as defined within the meaning of "misdemeanor crime of domestic violence" in 18 U.S.C. §§ 921(a)(33) and 922(g)(9). 136 S. Ct. at 2277–80. In *Voisine*, the Court considered two steps implicit in *Leocal*: (1) was the defendant's conduct volitional, not "merely accidental"? and (2) did the level of mens rea required by the state crime involve a "use" of physical force against another person?[8] *Id.* at 2278–79 (quoting *Leocal*, 543 U.S. at 9).

The Court rejected Mr. Voisine's argument that *Leocal* "marks a dividing line between reckless and knowing conduct." *Id.* at 2279. Commenting on what mens rea the word "use" requires, the Court said that "use" "does not demand that the person applying force have the purpose [i.e., intent] or practical certainty [i.e., knowledge] that [the use of force] will cause harm, as compared with the understanding that it is substantially likely to do so [i.e., reckless]." *Id.* Significantly, in broad language in a section not particular to misdemeanor crimes of domestic violence, the *Voisine* Court pointedly addressed the issue *Leocal* reserved—whether the Court would group

---

[8] Though Mr. Leocal voluntarily drove his car while intoxicated, the Florida crime had no mens rea element tied to his causing bodily injuries.

reckless harm (voluntary acts "undertaken with awareness of their substantial risk of causing injury") with intentional and knowing harm or, instead, with negligent and accidental harm. *Id.* at 2278–80. The Court chose the former, for a simple reason: "The harm such [reckless] conduct causes is the result of a deliberate decision to endanger another—no more an 'accident' than if the 'substantial risk' were 'practically certain.'" *Id.* at 2279.

Voisine's application and understanding of *Leocal* overrides our contrary precedents classifying reckless harm with negligent or accidental harm. In our seminal case, *United States v. Zuniga-Soto*, we read *Leocal* to categorically exclude crimes capable of being committed recklessly from meeting the use-of-physical-force requirement. 527 F.3d 1110, 1113, 1124 (10th Cir. 2008) (considering misdemeanor crimes of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and cmt. n.1(B)(iii) (2006)). As did the other circuit courts after *Leocal*, we grouped reckless conduct with accidental and negligent conduct. *Id.* at 1124 ("In light of the persuasive reasoning of our sister circuits, we are convinced that recklessness falls into the category of accidental conduct that the *Leocal* Court described as failing to satisfy the use of physical force requirement under either of § 16's definitions of 'crime of violence.'" (citing *Leocal*, 543 U.S. at 9)).

Following that same approach, we held in *United States v. Duran* that crimes permitting a mens rea of recklessness could not categorically be crimes of violence under U.S.S.G. § 4B1.2(a). 696 F.3d 1089, 1095 (10th Cir. 2012). Until *Voisine*, *Duran* would have bound us to rule now in Bettcher's favor. But *Duran* must now yield to *Voisine*'s reading of *Leocal*. Indeed, under other sentencing provisions, we have since applied

8

*Voisine* to include as "crimes of violence" crimes capable of being committed with a mens rea of recklessness.[9] *See, e.g.*, *United States v. Mann*, 899 F.3d 898, 902–08 (10th Cir. 2018) (holding post-*Voisine* that, though 18 U.S.C. § 113(a)(6) includes reckless assaults, convictions for that offense are categorically crimes of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)); *Pam*, 867 F.3d at 1206–11 (holding post-*Voisine* that, though New Mexico's felony offense of shooting at or from a motor vehicle includes reckless violations, convictions for that offense are categorically violent felonies under the Armed Career Criminal Act's elements clause, 18 U.S.C. § 924(e)(2)(B)(i)).[10]

Bettcher would have us confine *Voisine* to the misdemeanor-crime-of-domestic-violence context. By his account, "the fact that *Voisine* construed the word 'use' to include reckless conduct in the context of § 921 has no bearing on how the elements clause[s] of § 16, the ACCA, and § 4B1.2 should be interpreted." Br. for the Appellee at

---

[9] Circuits have also done so with other sentencing provisions. *See, e.g.*, *United States v. Mendez-Henriquez*, 847 F.3d 214, 217, 221 (5th Cir. 2017) (concluding that a California conviction for maliciously and willfully discharging a firearm at an occupied motor vehicle fit U.S.S.G. § 2L1.2's elements clause, after concluding that "our court's interpretation of § 4B1.2 informs our interpretation of § 2L1.2, given the two Guidelines' identical language and closely aligned purposes"); *United States v. Fogg*, 836 F.3d 951, 953, 956 (8th Cir. 2016) (concluding that a Minnesota conviction for drive-by shooting was a violent felony under 18 U.S.C. § 924(e), and relying on *Voisine* to reach reckless discharge of a firearm "because the force clauses in 18 U.S.C. § 921(a)(33)(A)(ii) and the ACCA both define qualifying predicate offenses as those involving the 'use . . . of physical force' against another" (alteration in original)).

[10] *Pam* is particularly instructive given the definitional kinship between crimes of violence under U.S.S.G. § 4B1.2(a)(1), (2) and violent felonies under 18 U.S.C. § 924(e)(2)(B)(i), (ii).

18. Yet as noted in the preceding paragraph, our court has already extended *Voisine*'s recklessness reasoning outside of the 18 U.S.C. §§ 921(a)(33)(A) and 922(g)(9) (misdemeanor crimes of domestic violence) context. We do so again here. None of Bettcher's arguments for excluding reckless conduct carry more force when applied to U.S.S.G. § 4B1.2(a)(1)'s elements clause than similar arguments did when applied to the elements clauses in play in earlier cases. As did those cited cases, we recognize that *Voisine* reserved deciding whether recklessness sufficed to establish the "use" of force in any other elements clause, including 18 U.S.C. § 16(a). *Voisine*, 136 S. Ct. at 2280 n.4. But *Voisine*'s reading of *Leocal* defeats the reach we attributed to it in the *Zuniga-Soto* line of cases. So we now conform our reading of *Leocal* to that announced in *Voisine*, which puts us on a different course.[11]

Bettcher also argues that this panel has no authority to overrule its own precedent. We acknowledge that unlike the panels in *Pam* and *Mann*, which were subject to no

---

[11] Post-*Voisine*, other circuits have concluded that U.S.S.G. § 4B1.2(a)(1) does not categorically exclude crimes capable of being committed recklessly. *See, e.g.*, *United States v. Ramey*, 880 F.3d 447, 448–49 (8th Cir. 2018) (applying the guideline to the Missouri crime of recklessly causing physical injury to another by discharging a firearm); *United States v. Verwiebe*, 874 F.3d 258, 262, 264 (6th Cir. 2017) (applying it to 18 U.S.C. § 113(a)(6), and saying that an earlier Sixth Circuit case excluding crimes with a recklessness mens rea "simply does not hold water after *Voisine*" and declaring that "*Voisine*'s analysis applies with equal force to the Guidelines, which define crimes of violence nearly identically to § 921(a)(33)(A)(ii): any felony that 'has as an element the use, attempted use, or threatened use of physical force.'" (quoting U.S.S.G. § 4B1.2(a)(1))); *United States v. Howell*, 838 F.3d 489, 490–91, 499–501 (5th Cir. 2016) (applying it to the Texas crime of third-degree assault with an element of recklessly causing bodily injury). *But see United States v. Schneider*, 905 F.3d 1088, 1091–92 (8th Cir. 2018) (citing circuit precedent in declining to apply U.S.S.G. § 4B1.2(a)(1) to a North Dakota aggravated-assault statute extending to reckless driving).

governing precedent, our position on U.S.S.G. § 4B1.2(a) differs from *Duran*'s. *See Duran*, 696 F.3d at 1095. And we acknowledge that a three-judge panel can't "overturn the decision of another panel of this court." *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000). "Absent en banc reconsideration," earlier panels' decisions bind us unless "the Supreme Court issues an intervening decision that is 'contrary' to or 'invalidates our previous analysis.'" *United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014) (first quoting *Meyers*, 200 F.3d at 720; and then quoting *United States v. Shipp*, 589 F.3d 1084, 1090 n.3 (10th Cir. 2009)). Yet as mentioned, *Duran*'s foundation rested on our mistaken reading of *Leocal*, a reading at odds with *Voisine.* After all, *Duran* relied on *Zuniga-Soto*, and *Voisine* proved *Zuniga-Soto*'s interpretation of *Leocal* wrong. *Compare Duran*, 696 F.3d at 1093 (citing *Zuniga-Soto*, 527 F.3d at 1117), *with Voisine*, 136 S. Ct. at 2279–80 (citing *Leocal*, 543 U.S. at 9, 13). Though tracking other circuit courts, *Zuniga-Soto* erred in being "convinced that recklessness falls into the category of accidental conduct that the *Leocal* Court described as failing to satisfy the use of physical force requirement under either of § 16's definitions of 'crime of violence.'" 527 F.3d at 1124.

And *Pam* itself eroded *Duran*. There, we applied *Voisine* to U.S.S.G. § 4B1.2(a)'s fraternal twin in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). *Pam*, 867 F.3d at 1208. Because the two provisions have historically mirrored each other, we see no sense in including reckless crimes in 18 U.S.C. § 924(e)(2)(B) but not U.S.S.G. § 4B1.2(a). *See Ramey*, 880 F.3d at 449 ("We see no reason why 'use' of force under the guidelines would mean something different from 'use' of force under the ACCA.").

11

Moreover, our approach is consistent with that taken in *United States v. Ontiveros*, 875 F.3d 533, 538 (10th Cir. 2017). In *Ontiveros*, we held that our previous decisions in *Perez-Vargas*, 414 F.3d at 1282, and *United States v. Rodriguez-Enriquez*, 518 F.3d 1191 (10th Cir. 2008), "relied on reasoning that is no longer viable in light of" the Court's decision in *Castleman*, 572 U.S. at 157. *Ontiveros*, 875 F.3d at 536. The *Ontiveros* panel overruled these cases, which had held that statutes criminalizing the result of conduct (e.g., bodily injury) rather than the conduct itself (e.g., the means of inflicting the injury) don't necessarily involve the "use" of physical force. *Id.* In doing so, we took *Castleman*'s newly announced reasoning from the 18 U.S.C. § 921(a)(33)(A)(ii) realm and extended it to the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See id.* at 536–38. We do no more here by applying *Voisine* outside of § 921(a)(33)(A)(ii). We recognized in *Ontiveros* that *Castleman*'s reasoning abrogated the reasoning on which we had decided our earlier cases. *Ontiveros*, 875 F.3d at 538. Here we recognize that *Voisine* does the same. Simply put, our reasoning in *Zuniga-Soto* and *Duran* has lost viability after *Voisine*.

Finally, Bettcher invokes the rule of lenity. But this argument is unavailing. In *Voisine*, the Supreme Court rejected the same claim. 136 S. Ct at 2282 n.6. The rule of lenity applies only when "a grievous ambiguity or uncertainty in the statute" leaves the court "simply [to] guess as to what Congress intended." *Abramski v. United States*, 573 U.S. 169, 188 n.10 (2014) (quoting *Maracich v. Spears*, 570 U.S. 48, 76 (2013)). In *Voisine*, the court stated that 18 U.S.C. "§ 921(a)(33)(A) plainly encompasses reckless assaults." 136 S. Ct. at 2282 n.6. Here, after *Voisine*, the law is sufficiently plain that

12

reckless assaults qualify as crimes of violence under U.S.S.G. § 4B1.2(a)(1). *Cf. Mann*, 899 F.3d at 908 (denying relief under the rule of lenity when applying *Voisine* to include reckless assaults under 18 U.S.C. § 113(a)(6) as crimes of violence under 18 U.S.C. § 924(c)(3)(A)).

## CONCLUSION

For the reasons given, we reverse and remand for resentencing consistent with this opinion.