NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0212n.06

Case No. 18-5409

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Apr 25, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
|  | ) |  |
| CHARLES BORDEN, JR., | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |

BEFORE: DAUGHTREY, COOK, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge. After Charles Borden, Jr. pleaded guilty to possessing a firearm as a felon, the district court sentenced him as an armed career criminal to 115-months' imprisonment. Borden contends that the court's enhancement of his sentence amounts to a denial of due process. Finding no constitutional violation, we AFFIRM.

**I.**

Police caught Borden with a pistol during a traffic stop in April 2017. He eventually pleaded guilty to possessing that firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).

The government recommended sentencing Borden as an armed career criminal, relying on three prior Tennessee aggravated assault convictions as predicate offenses. Borden objected to that classification. He argued that one of his prior aggravated assault convictions did not qualify

as a predicate "crime of violence" within USSG § 4B1.2(a) because it involved a reckless variant of the offense. Borden acknowledged, however, that this court's decision in *United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017) (*cert. denied*, 139 S.Ct. 63 (Oct. 1, 2018), held just the opposite: reckless aggravated assault is a crime of violence under § 4B1.2(a)'s use-of-force clause. But Borden asserted that applying *Verwiebe* to his case would violate *ex post facto* and due process principles because this court decided *Verwiebe* six months after his arrest for felonious possession.

Finding no due process violation, the district court applied *Verwiebe* retroactively to conclude that all three of Borden's aggravated assault convictions qualified as predicate crimes of violence. It designated him an armed career criminal, increasing Borden's sentencing exposure to 180-months' imprisonment at minimum. But after considering the 18 U.S.C. § 3553(a) factors and granting Borden a downward departure for assistance to law enforcement, the court sentenced Borden to just 115-months' imprisonment. This appeal followed.

## II.

Since *Verwiebe*, our cases have held repeatedly that reckless aggravated assault in violation of Tenn. Code Ann. § 39-13-102(a)(1)(B) qualifies as a crime of violence within USSG § 4B1.2(a). *United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017); *see also Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018). Borden argues that the district court should have ignored that precedent for two reasons. First, he maintains that applying *Verwiebe* to his case violated the Constitution's *ex post facto* and due process protections because it was decided six months after he committed his offense. Second, Borden challenges *Verwiebe* and *Harper* as wrongly decided. We review his constitutional and statutory-interpretation claims de novo. *See United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003); *Verwiebe*, 874 F.3d at 260.

Due process entitled Borden to "fair warning" as to "the reach of statutes defining criminal activity" and the punishment accompanying a conviction. *Dale v. Haeberlin*, 878 F.2d 930, 934 (6th Cir. 1989); *see also Webb v. Mitchell*, 586 F.3d 383, 392 (6th Cir. 2009). Bound by these principles of fairness, *Rogers v. Tennessee*, 532 U.S. 451, 462 (2001), the district court could not apply *Verwiebe* if by doing so it "enforced changes in interpretations of the law that unforeseeably expand[ed] the punishment accompanying [his] conviction beyond that which [Borden] could have anticipated at the time" he committed his crime, *Dale*, 878 F.2d at 934. Thus, the key to our analysis is whether, in April 2017, Borden could have anticipated the punishment he ultimately received, 115-months' imprisonment for possessing a firearm as a felon. *Id.* at 935; *see also Weaver v. Graham*, 450 U.S. 24, 30–31 (1981); *United States v. Crenshaw*, 172 F.3d 50, 1999 WL 17642, at *3 (6th Cir. Jan. 6, 1999) (table).

At the time of Borden's crime, a felon convicted of possessing a firearm faced up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). That is, even if the court had given Borden the benefit of then-existing precedent requiring more than recklessness for crimes of violence and declined to enhance Borden's sentence, Borden could have anticipated a sentence of up to ten years. He received nine years and seven months. R. 41, PageID 212. The district court's application of *Verwiebe*, therefore, cannot be said to have disadvantaged Borden; he suffered no deprivation of his due process rights.

To the extent he challenges *Verwiebe* as wrongly decided, Borden is not alone. *See Harper*, 875 F.3d at 330–31 (criticizing *Verwiebe* as "mistaken"). Nevertheless, we follow our precedent and conclude that aggravated assault in Tennessee constitutes a crime of violence for USSG § 4B1.2(a) purposes. *Id.* at 330 ("[W]e are bound to hold that reckless aggravated assault in violation of Tenn. Code Ann. § 39-13-102(a)(1)(B) is a crime of violence . . . ."); *see Davis*, 900

F.3d at 736. Absent an intervening decision by the Supreme Court or this court sitting en banc, *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014), *Harper* remains controlling authority in this circuit and aggravated assault in Tennessee categorically qualifies as a crime of violence.

**III.**

We AFFIRM.