NOT RECOMMENDED FOR PUBLICATON
File Name: 20a0050n.06

No. 15-2503

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | **FILED** |
| ) | Jan 24, 2020 |
| Plaintiff-Appellee,   ) | DEBORAH S. HUNT, Clerk |
| ) | |
| v.   ) | ON APPEAL FROM THE |
| ) | UNITED STATES DISTRICT |
| ) | COURT FOR THE |
| WILLIAM FRAZIER,   ) | EASTERN DISTRICT OF |
| ) | MICHIGAN |
| Defendant-Appellant.   ) | |

BEFORE: GIBBONS, COOK, and THAPAR, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. This case is before us on remand following the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Because the recently decided *Manners v. United States*, No. 17-1171 (6th Cir. Jan. 13, 2019), binds this panel, we affirm Frazier's conviction under 18 U.S.C. § 924(c).

Appellant William Frazier argued that his conviction under 18 U.S.C. § 924(c) should be reversed because the predicate offense, assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C.§ 1959(a)(3), was not a "crime of violence." *United States v. Odum*, 878 F.3d 508, 520 (6th Cir. 2017). We affirmed Frazier's conviction, relying on then-binding precedent in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). The Supreme Court granted Frazier's petition for writ of certiorari and remanded the case for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Frazier v. United States*, 139 S. Ct. 319 (2018).

Subsequently in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Court declared § 924(c)(3)(B)'s residual clause unconstitutionally vague. 139 S. Ct. at 2336.

On remand, Frazier argues that his conviction under § 924(c) should be reversed because § 1959(a)(3) is not a "crime of violence" falling within § 924(c)(3)(A)'s elements clause. Our recent precedent forecloses this argument. *Manners v. United States*, No. 17-1171 (6th Cir. Jan. 13, 2019). *Manners* held that assault with a dangerous weapon in aid of racketeering under § 1959(a)(3) categorically involves the use, attempted use, or threatened use of force capable of causing physical pain or injury to another person. *Id.* at 7. *Manners* first rejected the argument that VICAR is not divisible, deciding the "statute is 'divisible' into different substantive offenses because it 'list[s] elements in the alternative, and thereby define[s] multiple crimes.'" *Id.* at 4 (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). Additionally, *Manners* held the categorical approach required analysis of the generic offense of assault with a dangerous weapon, not a specific federal or state law offense. *Id.* ("The relevant predicate offense is thus 18 U.S.C. § 1959(a)(3), which requires proof that the defendant committed 1) an assault 2) with a dangerous weapon 3) in furtherance of racketeering activity."). Finally, our precedent in *United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017), forecloses Frazier's argument that an offense cannot be categorically violent if it can be committed recklessly. 874 F.3d at 264.

Additionally, on remand, Frazier urges this court to review its prior ruling that a VICAR conviction requires the government to prove Frazier knew the enterprise was engaged in racketeering activity. *Odum*, 878 F.3d at 518. Because the Supreme Court limited its grant of

certiorari and remand to consideration of Frazier's vagueness challenge to § 924(c)'s residual

clause, we decline to revisit this holding.[1]

We affirm.

---

[1] We recognize that the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) arguably cast doubt upon our prior holding.  But in any event, Frazier could not prevail because there was sufficient evidence for a rational trier of fact to find that he *knew* that the enterprise was engaged in racketeering.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  After all, Frazier was the head of a local chapter of the enterprise; he joined the enterprise soon after it had committed various acts of racketeering; and he was personally acquainted with the national president, who ordered these acts.  Frazier doesn't separately challenge the jury instructions in his case.  *Cf. United States v. Baldyga*, 233 F.3d 674, 679 n.3 (1st Cir. 2000).  But that challenge would also fail under plain-error review since Frazier cannot show that any error was "plain."  *United States v. Barrow*, 118 F.3d 482, 492 (6th Cir. 1997).