FILED
United States Court of Appeals
Tenth Circuit

June 15, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE JURANEK,

Defendant - Appellant.

No. 20-1078
D Colo.
(D.C. No. 1:19-CR-00386-RM-1)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, Chief Judge, **McHUGH**, and **CARSON**, Circuit Judges.

Maurice Juranek pleaded guilty to one count of being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the

government contended that Juranek's two prior convictions for third degree

assault under Colorado law were crimes of violence for purposes of the

Sentencing Guidelines.  *See* USSG § 4B1.2(a)(1) ("The term 'crime of violence'

---

[*] After examining the briefs and appellate record, this panel determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another[.]"). As a result, the government argued Juranek's base offense level was 24, pursuant to USSG. § 2K2.1(a)(2), with an advisory guidelines range of 77 to 96 months' incarceration. Juranek, on the other hand, contended that his prior convictions for Colorado third degree assault did not qualify as crimes of violence, so the applicable sentencing guideline— § 2K2.1(a)(2)—would result in a base offense level of 14. The advisory guidelines range under this calculation would be 30 to 27 months' incarceration.

The district court agreed with the government and overruled Juranek's objection. The court concluded that Colorado third degree assault is categorically a crime of violence under the Guidelines, setting the base offense level at 24 and the total offense level at 21. Although the resulting guidelines range was 77 to 96 months, the district court granted Juranek's motion for a downward variance and imposed a sentence of 60 months' in prison followed by three years of supervised release.

Juranek appealed this sentence, arguing (as relevant here) that the district court plainly erred in finding that his prior convictions for Colorado third degree assault satisfied the force clause because those offenses can be committed with a

*mens rea* of recklessness.  We abated this appeal pending a decision by the United States Supreme Court in *Borden v. United States*.[1]  *Borden v. United States*, No. 19-5410, 2021 WL 2367312 (U.S. June 10, 2021).

The Supreme Court issued its decision in *Borden* on June 10, 2021, and we now VACATE the district court's sentencing order and REMAND for reconsideration in light of this decision.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

---

[1]  Although *Borden* deals with the "violent felony" definition in the Armed Career Criminal Act, our precedent treats this provision as parallel to the "crime of violence" definition in the Guidelines.  *See United States v. Bettcher*, 911 F.3d 1040, 1046–47 (10th Cir. 2018) (citing *United States v. Ramey*, 880 F.3d 447, 448–49 (8th Cir. 2018) ("We see no reason why 'use' of force under the guidelines would mean something different from 'use' of force under the ACCA.")).