<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 17a0524n.06

Case No. 16-4003

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Sep 12, 2017 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
|  | ) |  |
| LAWRENCE J. JOHNSON, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |

BEFORE: COOK, KETHLEDGE, and DONALD, Circuit Judges

**BERNICE BOUIE DONALD, Circuit Judge.** Lawrence Johnson pleaded guilty to being a felon in possession of a firearm. At sentencing, the district court determined that four of Johnson's previous convictions under Ohio state law qualified as violent felonies under the Armed Career Criminal Act. The district court sentenced Johnson to an enhanced sentence of 180 months' imprisonment, the minimum term allowable under the Act. For the reasons stated below, we **REVERSE AND REMAND** for resentencing.

I.

A.

In August 2015, Lawrence Johnson was arrested for being in possession of a firearm with a prior felony conviction after the police were called to the scene of an altercation between two men in the parking lot of a supermarket in Youngstown, Ohio. Johnson was previously

convicted of attempted robbery under Ohio Rev. Code Ann. §§ 2923.02(A) and 2911.02(A) (1982) on December 21, 1982, robbery under Ohio Rev. Code Ann. § 2911.02(A) (1982) on May 13, 1983, robbery under Ohio Rev. Code Ann. § 2911.02(A)(2) on November 12, 1997, and complicity to commit aggravated robbery under Ohio Rev. Code Ann. §§ 2923.02(A)(2) and (F), and §§ 2911.01(A)(1) and (C) in September 2005. After his most recent arrest, Johnson entered a plea of guilty. In its presentence investigation report, the U.S. Probation Office suggested that Johnson qualified as an armed career criminal in accordance with the Armed Career Criminal Act ("the ACCA"). Defense counsel objected to the application of the ACCA to Johnson's sentence both in a sentencing memorandum and at the sentencing hearing itself. After considering the objection, the district court applied the armed career criminal enhancement to Johnson's sentence, sentencing him to 180 months of incarceration, the minimum mandatory sentence allowed under the ACCA.

## B.

This Court has jurisdiction over this matter under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), as an appeal from a case from the United States District Court for the Northern District of Ohio under 18 U.S.C. § 3231.

## II.

Johnson appeals his sentence on the grounds that none of his prior convictions qualify as predicate offenses under the ACCA. Under the ACCA, an offense punishable by at least one year in prison may be designated as a "violent felony" where the offense (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," also known as the elements clause; (2) is an enumerated offense, such as "burglary, arson, or extortion, [or] involves [the] use of explosives"; or (3) "otherwise involves conduct that presents

a serious potential risk of physical injury to another," also known as the residual clause. 18 U.S.C. § 924(e)(2)(B). The Supreme Court recently invalidated the residual clause in *Johnson v. United States*, 559 U.S. 133 (2010), and Johnson has not been convicted of any of the enumerated offenses. This leaves the element-of-force clause as the sole avenue under which Johnson may qualify as an armed career criminal based on his prior convictions.

In determining whether a crime qualifies as a violent felony under the statute, we apply the categorical approach to determine whether the statutory definition of the prior state offense, rather than the underlying facts of the crime, requires the use, attempted use, or threatened use of physical force against another. *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014). Under this inquiry, we determine "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (quotations and citations omitted). Because the analysis does not turn on the facts underlying the conviction, we presume that the conviction rests on the minimum conduct criminalized by the statute. *Id*. However, this does not mean that we will consider a state statute to have as an element the use of force based on a mere theoretical possibility "that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id*. at 1685 (citation omitted).

"The meaning of 'physical force' in § 924(e)(2)(B)(i) is a question of federal law, not state law." *Johnson*, 559 U.S. at 138. The Supreme Court has defined "physical force" as understood by the ACCA as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Id*. at 140. The force must be substantial such that unwanted touching is insufficient. *Id.* at 142; *see also United States v. Castleman*, 134 S. Ct. 1405, 1412 (2014) ("Minor uses of force may not constitute 'violence' in the generic sense."). However, while the

definition of physical force is governed by federal law, determining the meaning or scope of the underlying state crime (robbery and aggravated robbery in this case) is a question of state law, "including its guidance on the elements of the crime." *Mitchell*, 743 F.3d at 1058-59. Johnson was convicted under two separate robbery statutes. He was convicted of attempted robbery and robbery under Ohio Rev. Code Ann. §§ 2923.02(A) and 2911.02(A) (1982) ("Pre-Senate Bill Two") in 1982 and 1983. He was again convicted of robbery in 1997 under Ohio Rev. Code Ann. § 2911.02(A)(2) ("Post-Senate Bill Two"). Johnson was also convicted of complicity to commit aggravated robbery under Ohio Rev. Code Ann. §§ 2923.02(A)(2) and (F), and §§ 2911.01(A)(1) and (C) in 2005. He argues that none of these prior convictions may be classified as violent felonies under the elements clause of the ACCA. For the reasons below, we agree that Johnson's Pre-Senate Bill robbery and attempted robbery convictions no longer qualify as violent felonies under the ACCA.

A.

First, we address Johnson's attempted robbery and robbery convictions under Pre-Senate Bill Two. We review de novo "a district court's determination that a prior conviction qualifies as a 'violent felony' under the ACCA." *United States v. Anderson*, 695 F.3d 390, 399 (6th Cir. 2012) (citation omitted).

Johnson's earliest convictions came under the Pre-Senate Bill Two robbery statute, which states that "[n]o person, in attempting or committing a theft offense, [as defined in section 2913.01 of the Revised Code], or in fleeing immediately after the attempt or offense, shall . . . [u]se or threaten the immediate use of force against another." Ohio Rev. Code Ann. § 2911.02(A)(3) (1982). Ohio law defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Ohio Rev. Code Ann.

§ 2901.01(A)(1). Johnson's grounds for arguing that his Pre-Senate Bill Two robbery convictions do not qualify as predicate offenses under the ACCA are two-fold. First, he argues that the requisite force for conviction under the Ohio statute does not rise to the level of force necessary to constitute violent force under the ACCA. Next, he argues that the mens rea required by the Ohio statute lacks the requisite mens rea to be considered a violent felony under the ACCA. He concludes that as a result of either or both of these discrepancies between the Ohio statute and the generic robbery statute, the state statute criminalizes a broader range of conduct and thus cannot serve as a predicate offence for the armed career criminal enhancement.

Johnson correctly notes that the showing of force necessary under Pre-Senate Bill Two robbery "does not require a high degree of violence." *State v. Carter*, 504 N.E.2d 469, 471 (Ohio Ct. App. 1985). Ohio state courts have found that pulling a woman's purse from her arm satisfies the statutory force requirement, *id*. at 470, as does "bumping an elderly victim in order to distract her attention while another person removed her wallet from her purse," *id*. (citing *State v. Grant*, No. 43027, 1981 WL 4576, at *2 (Ohio Ct. App. 1981)). The *Carter* court also explained that even a simple bump of the victim may result in serious physical harm, especially where the victim is elderly. *Id*. The Ohio Supreme Court has held the force requirement to be satisfied "if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." *State v. Davis*, 451 N.E.2d 772, 774 (Ohio 1983).

Recently, this Circuit determined that Ohio's Pre-Senate Bill Two robbery statute criminalizes a broader range of conduct than the generic robbery statute and thus does not qualify as a crime of violence under § 4B1.2(a)(1) of the Sentencing Guidelines. *United States v.*

*Yates*, No. 16-3997, 2017 WL 3402084, at \*4 (6th Cir. Aug. 9, 2017). Evaluating *Carter*, this Court determined that Ohio decisions "reinforce [the] conclusion that only a minimal level of force is needed to sustain a conviction under Ohio Rev. Code Ann. § 2911.02(A)(3)." *Id.* at \*5. The Court concluded that Ohio's Pre-Senate Bill Two robbery statute could be satisfied by a minimal amount of contact, rendering the statute more broad than the force required by the Guidelines or by generic robbery. *Id.* at \*7. "Whether a conviction is a 'violent felony' under the ACCA is analyzed in the same way as whether a conviction is a 'crime of violence' under the United States Sentencing Guidelines." *United States v. McMurray*, 653 F.3d 367, 371 n.1 (6th Cir. 2011) (citing *United States v. Gibbs*, 626 F.3d 344, 352 n.6 (6th Cir. 2010)). Thus, precedent in this Circuit now supports Johnson's position that his two prior convictions for attempted robbery and robbery under 1982 Pre-Senate Bill Two no longer qualify as violent felonies under the ACCA.

Consequently, Johnson no longer has three qualifying predicate offenses, and he was improperly designated as an armed career criminal.

### B.

Johnson also challenges his 1997 robbery conviction under Post-Senate Bill Two and his 2005 conviction for complicity to commit aggravated robbery under Ohio Rev. Code Ann. §§ 1923.02(A)(2) and (5) and §§ 2911.01(A)(1) and (C). Because Johnson's 1982 Pre-Senate Bill Two convictions are not violent felonies, we need not address whether Johnson's remaining convictions are qualifying predicates for the ACCA enhancement. Whether this Circuit's analysis in *Yates* applies to those statutes does not impact whether Johnson is entitled to resentencing.

III.

For the reasons described above, we **VACATE** Johnson's sentence and **REMAND** the case for resentencing.