RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0182p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LAWRENCE J. JOHNSON,

*Defendant-Appellant*.

No. 18-3002

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:15-cr-00406-1—Patricia A. Gaughan, District Judge.

Decided and Filed:  August 5, 2019

Before:  DONALD, LARSEN, and NALBANDIAN, Circuit Judges.

_____

### COUNSEL

_____

**ON BRIEF:**  Claire Cahoon Curtis, FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for
Appellant.  Ranya Elzein, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for
Appellee.

_____

### OPINION

_____

LARSEN, Circuit Judge.  After Lawrence Johnson pleaded guilty to being a felon in
possession of a firearm, the district court sentenced him as an armed career criminal under the
Armed Career Criminal Act (ACCA).  Johnson appealed that determination with success; this
court agreed that Johnson did not have at least three prior convictions for crimes of violence

under ACCA. When the district court later resentenced Johnson, it increased his base offense level after finding that Johnson had at least two convictions for crimes of violence pursuant to the Guidelines. Johnson now appeals again, arguing that the district court improperly found that his prior convictions—one for robbery pursuant to Ohio Revised Code (ORC) § 2911.02(A)(2) and one for complicity to commit aggravated robbery under ORC §§ 2923.03(A)(2) and 2911.01(A)(1)—were crimes of violence under the Guidelines, resulting in a procedurally unreasonable sentence. We disagree and therefore AFFIRM Johnson's sentence.

I.

In March 2016, Johnson pleaded guilty to one count of being a felon in possession of a firearm. Johnson had several prior convictions from Ohio, including a 1982 conviction for attempted robbery, a 1983 conviction for robbery, a 1997 conviction for robbery, and a 2005 conviction for complicity to commit aggravated robbery.

The Presentence Investigation Report (PSR) recommended classifying Johnson as an armed career criminal pursuant to ACCA. *See* 18 U.S.C. § 924(e). Johnson objected to this finding, but the district court determined that all four of Johnson's prior convictions were ACCA predicates and sentenced him to 180 months' imprisonment, the statutory minimum. *See id.*

On appeal, this court held that the 1982 attempted robbery conviction and the 1983 robbery conviction did not qualify as violent felonies under ACCA. *United States v. Johnson*, 708 F. App'x 245, 248–49 (6th Cir. 2017). The court explained that because the Supreme Court had invalidated the residual clause found in § 924(e)(2)(B)(ii), *see Johnson v. United States*, 559 U.S. 133 (2010), and because Johnson had not been convicted of any enumerated offenses, *see* § 924(e)(2)(B)(ii), Johnson's sentence could stand only if his 1982 and 1983 convictions satisfied the force clause under § 924(e)(2)(B)(i). *Johnson*, 708 F. App'x at 247. But the court recognized that in *United States v. Yates*, 866 F.3d 723, 729–31 (6th Cir. 2017), this court held that ORC § 2911.02(A)(3) robbery—which uses the same language as the statute underlying Johnson's 1982 and 1983 convictions—does not qualify as a crime of violence under § 4B1.2(a)(1) of the Guidelines as "only a minimal level of force is needed to sustain a conviction" under that statute. *Johnson*, 708 F. App'x at 248 (quoting *Yates*, 866 F.3d at 729–

31). As Johnson no longer had three ACCA predicate convictions, the court declined to address whether Johnson's 1997 robbery conviction (which was under a different subsection than his prior robbery conviction) or his 2005 conviction for complicity to commit aggravated robbery were ACCA predicates; the court vacated and remanded for resentencing. *Id.* at 249.

Johnson was resentenced in December 2017. The new PSR set his base offense level at 24 pursuant to U.S.S.G. § 2K2.1(a)(2) for having two felony convictions for crimes of violence. The report identified Johnson's 1997 and 2005 convictions as qualifying crimes of violence under the Guidelines. Johnson submitted a sentencing memorandum, arguing that neither conviction qualified as a crime of violence, and made those same objections again at sentencing. The district court disagreed, finding that both convictions qualified as crimes of violence under the Guidelines. The court ultimately determined that Johnson's Guidelines range was 57 to 71 months and sentenced him to 71 months' imprisonment. Johnson now appeals, arguing that the district court imposed a procedurally unreasonable sentence by wrongly finding that his 1997 and 2005 convictions were crimes of violence.

II.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Whether a prior conviction qualifies as a "crime of violence" is a question of law, which this court reviews de novo. *United States v. Hawkins*, 554 F.3d 615, 616 (6th Cir. 2009).

III.

We begin with the relevant provisions. The Guidelines specify that when a defendant is convicted of unlawful possession of a firearm, as Johnson was, courts shall apply a base offense level of 24 if the defendant committed the offense "subsequent to sustaining at least two felony

convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). This section does not directly define "crime of violence." Rather, the commentary refers the reader to § 4B1.2(a). At the time Johnson was initially sentenced,[1] § 4B1.2(a) provided the following definition:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)–(2) (2015). Because this definitional language is essentially the same as that in ACCA, *see* 18 U.S.C. § 924(e)(2)(B)(i)–(ii), we look to caselaw interpreting § 924(e)(2)(B) to determine whether Johnson's crimes are crimes of violence under the Guidelines. *United States v. Gibbs*, 626 F.3d 344, 352 n.6 (6th Cir. 2010).

To determine whether Johnson's prior offenses are crimes of violence under the Guidelines, we use the "categorical approach." *See Descamps v. United States*, 570 U.S. 254, 260–61 (2013). Under the categorical approach, courts look only to the statutory definitions (or elements) of the statute of conviction—not to the particular facts of the defendant's crime. *Id.* at 261. And we assume that the defendant's conduct rested on nothing more than the least of the acts criminalized. *See Johnson*, 559 U.S. at 137. If the least of those acts constitutes a crime of violence, the conviction qualifies. *United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019) (en banc).

When a statute sets out a single set of elements, the statute is indivisible, and courts apply the categorical approach to the statute in its entirety. *Mathis v. United States*, 136 S. Ct. 2243,

---

[1]We note that when sentencing a defendant, district courts use the version of the Guidelines "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). If a case is later remanded back to the district court for resentencing, district courts "shall apply the guidelines . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments . . . in effect on such date." 18 U.S.C. § 3742(g)(1). Johnson was initially sentenced on June 13, 2016. The 2016 Guidelines generally became effective November 1, 2016. Thus, the 2015 Guidelines control here, as no relevant amendments became effective on or before June 13, 2016.

2248, 2251 (2016). But when a statute sets out multiple crimes with different elements, the statute is divisible, *id.* at 2249, and if one of the crimes is a crime of violence and others are not, courts use the "modified categorical approach," to determine which subsection formed the basis of the defendant's conviction. *Burris*, 912 F.3d at 393 (quoting *Descamps*, 570 U.S. at 257).

Here, neither Johnson nor the government expressly takes a position on whether Johnson's statutes of conviction are indivisible or divisible, but their briefing suggests agreement that the statutes are divisible. There is no dispute, furthermore, as to the subsections that set forth the elements of Johnson's convictions. Because neither Johnson nor the government have argued the issue, we will proceed on the assumption that the relevant statutes, ORC §§ 2911.02(A), 2911.01(A), and 2923.03(A), are divisible.

## A. The 1997 Conviction for Robbery

We first address whether Johnson's 1997 robbery conviction qualifies as a predicate offense under the Guidelines' elements clause. Johnson was convicted under ORC § 2911.02(A)(2), which states that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall . . . [i]nflict, attempt to inflict, or threaten to inflict physical harm on another." To qualify as a predicate offense under the Guidelines' elements clause, a conviction must have as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). For Ohio's statute to qualify, therefore, Ohio's definition of "physical harm" must require at least the "physical force" contemplated by the Guidelines.

### 1. Use of Force

In *Johnson v. United States*, 559 U.S. at 140, the Supreme Court defined "physical force" in the ACCA context to mean "violent force—that is, force capable of causing physical pain or injury to another person." Mere unwanted touching, for example, would not suffice. *Id.* at 141–42. We have used this same definition of physical force in interpreting the identical term in the Guidelines' elements clause. *See United States v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012), *abrogated on other grounds by United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam). So, for Johnson's sentence to stand, Ohio's definition of "physical harm" must

require nothing less severe than "violent force" or "force capable of causing physical pain or injury to another person."

Ohio defines "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." ORC § 2901.01(A)(3). Our court has previously examined this phrase. In *Evans*, 699 F.3d at 861, this court considered whether an Ohio conviction for assaulting a police officer was a crime of violence under the Guidelines. Like the robbery statute in this case, the assault statute in *Evans* utilized the term "physical harm." *See* ORC § 2903.13(A). The court in *Evans* concluded that for "physical harm" to result, one must have deployed "physical force capable of causing physical pain or injury," and thus that assault under the relevant statute qualified as a crime of violence. 699 F.3d at 863. Following *Evans*, several unpublished cases in our circuit have concluded that a robbery conviction under ORC § 2911.02(A)(2)—Johnson's offense—qualifies as a crime of violence under the Guidelines. *See United States v. Finley*, No. 15-6222, 2017 U.S. App. LEXIS 7540, at *3–4 (6th Cir. Feb. 22, 2017) (order); *United States v. Simpson*, No. 16-4311, 2017 U.S. App. LEXIS 23098, at *2 (6th Cir. Nov. 15, 2017) (order).

*Evans* is not alone in construing Ohio's definition of "physical harm" to require violent force. In *United States v. Gatson*, 776 F.3d 405, 409–11 (6th Cir. 2015), this court considered whether an Ohio domestic violence conviction qualified as a crime of violence under ACCA. The domestic violence statute (like the robbery statute here and the assault statute in *Evans*) included the phrase "physical harm." *See* ORC § 2919.25(A). As in *Evans*, the court in *Gatson* determined that Ohio's definition of "physical harm" required the use of force "capable of causing physical injury or pain to another"; domestic violence, therefore, qualified as a crime of violence. *Gatson*, 776 F.3d at 411.

*Evans* and *Gatson* construed statutory language with little distinction from the one before us. The assault statute analyzed in *Evans* says that "[n]o person shall knowingly cause or attempt to cause physical harm to another." 699 F.3d at 863 (quoting ORC § 2901.13(A)). The domestic-violence statute at issue in *Gatson* applies when a person "knowingly caused, or attempted to cause, physical harm to a family or household member." 776 F.3d at 410 (quoting ORC § 2919.25(A)). The statute at issue here makes it a crime to "[i]nflict, attempt to inflict, or

threaten to inflict physical harm on another" during the commission or attempt of a theft offense. ORC § 2911.02(A)(2). We see no distinction that would render the analysis in *Evans* and *Gatson* inapplicable here when considering what it means to inflict "physical harm" in Ohio. We, therefore, conclude that Ohio's definition of "physical harm" as used in Johnson's statute of conviction, ORC § 2911.02(A)(2), requires violent force, that is, force capable of inflicting pain or injury.

Johnson offers two cases to try to establish that something less than violent force can produce a conviction under ORC § 2911.02(A)(2), but neither persuades. First, Johnson points to *State v. Reese*, No. 85902, 2005 WL 2811891, at *2 (Ohio Ct. App. Oct. 27, 2005), in which the court held that "[b]ruising constitutes 'physical harm'" under ORC § 2901.01(A)(3). But in *Reese*, the bruise resulted from the defendant striking the victim several times. *Id.* And striking someone with enough force to bruise is, clearly, force capable of causing physical pain or injury.

Johnson next offers *State v. Frunza*, No. 82053, 2003 WL 22100144 (Ohio Ct. App. Sept. 11, 2003), as putative support. Johnson claims that *Frunza* supports the proposition that a conviction under the relevant statute here "was satisfied when a defendant pushed her stroller against a store employee and pulled her hair." Putting aside whether pulling someone's hair would suffice, that is simply a mischaracterization of the case. The Ohio court held that pushing a stroller against a store employee would not suffice. *Id.* at *2. Rather, the court upheld the defendant's conviction because her behavior later escalated when she attempted "to push past [the store employee] to get out the door, and . . . she struck [the employee] and pulled [the employee's] hair while being detained." *Id.* Johnson's reliance on *Frunza*, therefore, falls flat. Johnson offers no further evidence that Ohio courts permit convictions under ORC § 2911.02(A)(2) without a use of violent force, and we are likewise unable to find any such cases.

Finally, Johnson argues that this court's decision in *Yates*, 866 F.3d at 727–32, supports the idea that "physical harm" in Ohio does not require violent force. *Yates*, however, was about a different subsection—ORC § 2911.02(A)(3), which requires only that "force" be attempted, threatened, or deployed, as compared to Johnson's (A)(2) conviction, which requires that a person inflict, attempt to inflict, or threaten to inflict "physical harm." While mere "force" need

not be "violent," this court has held that volitional force which results in "physical harm" is necessarily so. *Evans*, 699 F.3d at 863 ("One can knowingly cause or attempt to cause physical harm—i.e., physical injury—to another only by knowingly using or attempting to use physical force—i.e., force capable of causing physical injury.") Indeed, in *Frunza*, the Ohio Court of Appeals recognized the distinction between "force" and "physical harm" under Ohio law, noting that pushing a stroller against someone's leg "might support an inference that this act constituted the 'force' necessary to sustain a robbery charge under [the statute at issue in *Yates*], [but] a rational jury could not construe the act as an attempt, threat, or infliction of physical harm." 2003 WL 22100144 at *2.

## 2. Mens Rea

Thus far we have concluded that a conviction under ORC § 2911.02(A)(2) satisfies the necessary force requirement. But our inquiry continues because Johnson argues that his robbery conviction lacks the requisite mens rea to qualify as a crime of violence. Specifically, he claims both that his robbery conviction required only recklessness and that recklessness is an insufficient mental state for a conviction to qualify as a crime of violence. The merits of his first argument are unclear[2] but his second argument is foreclosed by this court's precedent. In *Voisine v. United States*, 136 S. Ct. 2272, 2282 (2016), the Supreme Court held that the phrase "use . . . of physical force" in 18 U.S.C. § 921(a)(33)(A) included reckless acts of force. In *United States v. Verwiebe*, 874 F.3d 258, 262–64 (6th Cir. 2017), this court held that *Voisine*'s rationale applies when analyzing whether a conviction is a crime of violence under § 4B1.2 in the Guidelines. Thus, *Verwiebe* forecloses Johnson's argument, because we are bound by its holding. *See United States v. Porter*, 886 F.3d 562, 566 (6th Cir. 2018).

---

[2]Johnson argues that, under *State v. Colon*, 885 N.E.2d 917, 921 (Ohio 2008), the state was required to prove recklessness because ORC § 2911.02(A)(2)—Johnson's statute of conviction—does not specify a mental state. *See also State v. Coleman*, No. 2013-P-0072, 2014 WL 2882214, at *2 (Ohio Ct. App. June 23, 2014) (holding that the mens rea for § 2911.02(A)(2) is recklessness). The state, citing *State v. Tolliver*, 19 N.E.3d 870, 874 (Ohio 2014), takes the position that conviction requires the government to prove that the defendant acted "knowingly and purposefully," to "'inflict,' 'attempt to inflict,' or 'threaten to inflict physical harm on another.'" We take no position on this unsettled question of state law, as it can have no effect on the disposition of Johnson's appeal.

In sum, *Evans* and *Gatson* hold that Ohio's definition of "physical harm" requires the level of force necessary to qualify as a crime of violence under the Guidelines' elements clause. And *Verwiebe* holds that a crime requiring only recklessness can constitute a crime of violence under the Guidelines' elements clause. The district court correctly applied our precedents and held that Johnson's conviction for robbery under ORC § 2911.02(A)(2) was a crime of violence under U.S.S.G. § 4B1.2(a). Accordingly, we need not address whether this conviction would qualify as an enumerated offense or under the Guidelines' residual clause.

### B. The 2005 Conviction for Complicity to Commit Aggravated Robbery

We next turn to Johnson's conviction for complicity to commit aggravated robbery. The aggravated robbery statute under which Johnson was convicted states:

> No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall . . . [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.

ORC § 2911.01(A)(1). This court held in *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017), that an Ohio conviction for aggravated robbery under that subsection qualifies as an ACCA crime of violence by means of the elements clause. And "[w]e have not hesitated to use authority interpreting the elements clause in the Armed Career Criminal Act in interpreting the same phrase in the Guidelines." *Id.*; *see also Yates*, 866 F.3d at 728 ("Ordinarily, we treat a holding that a crime is categorically a violent felony under ACCA as controlling as to whether that same crime is a crime of violence under § 4B1.1." (internal quotation marks omitted)). Johnson, likely recognizing this, makes no argument that this court should hold that aggravated robbery under ORC § 2911.01(A)(1) is not a crime of violence under § 4B1.2(a). The only question remaining, therefore, is whether the fact that Johnson was convicted of *complicity* to commit aggravated robbery makes a difference.

Johnson was convicted of complicity under ORC § 2923.03(A)(2), which states that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall . . . [a]id or abet another in committing the offense." But the underlying substantive offense—here, aggravated robbery—must have been either attempted or completed for a

complicity conviction to stand.   ORC § 2923.03(C).   Thus, Johnson could not have been convicted of complicity to commit aggravated robbery unless the elements of aggravated robbery had been proved.   And aggravated robbery, as made clear in *Patterson*, includes as an element the use, attempted use, or threatened use of physical force.   Johnson's conviction for complicity to commit aggravated robbery thus necessarily includes as an element the use, attempted use, or threatened use of physical force.   *See United States v. Gloss*, 661 F.3d 317, 319 (6th Cir. 2011) ("If a conviction for facilitation or conspiracy requires the government to prove the elements of the underlying violent felony, such conviction will itself qualify as a violent felony under the first clause of § 924(e)(2)(B).").

Johnson's argument to the contrary does not convince us otherwise.   He argues that an "Ohio conviction for complicity cannot qualify" as a crime of violence because it encompasses a "broad[er] range of conduct than what satisfies the Guidelines definition of use of force."   But this is not so.   Our analysis above makes clear that it simply does not matter how Ohio defines aiding and abetting, so long as that conviction requires proof of a crime that does constitute a crime of violence.   *Cf. Gloss*, 661 F.3d at 319.   If the underlying crime has the necessary physical force element and a conviction for complicity requires proof of the underlying crime, then the complicity conviction necessarily includes the physical force element, meaning Johnson's argument misses the mark.

To the extent Johnson's argument is that Ohio defines aiding and abetting differently than the Guidelines *commentary*, this argument falls short because it relies on the faulty assumption that the Guidelines' commentary is what brings Johnson's aiding and abetting offense into § 4B1.2(a).   The commentary does state that a crime of violence includes "the offenses of aiding and abetting."   U.S.S.G. § 4B1.2, Application Note 1 (2015).   But as our reasoning above makes clear, we need not look to the commentary to find that Johnson's conviction for complicity to commit aggravated robbery is a crime of violence.[3]   Instead, such a result is compelled by the express text of § 4B1.2(a).

---

[3]We note that such analysis might be problematic.   *See Havis*, 927 F.3d at 386 (holding that this same Guidelines comment improperly tries to "*add* an offense not listed in the guideline").

In conclusion, the district court correctly found that Johnson's conviction for complicity to commit aggravated robbery was a crime of violence pursuant to § 4B1.2(a). We therefore need not address whether this conviction would qualify as an enumerated offense or under the Guidelines' residual clause.

\* \* \*

We AFFIRM the district court's judgment.